FRANCIS L. MORRIS *et al.*, Plaintiffs-Appellants, *v.* CAMILLA MAYDEN *et al.*, Defendants-Appellees.

Fifth District No. 74-125

Opinion filed January 28, 1976.—Rehearing denied February 24, 1976.

John R. Meyer, of Meyer & Meyer, of Flora, for appellants.

Ben H. Rice, of Vinson, Elkins, Searls, Connally & Smith, of Houston, Texas, and Smith, McCollum & Riggle, of Flora, for appellee Union Oil Co.

Joe Dees, of Burnside, Dees and Johnston, of Vandalia, for appellees Camilla Mayden *et al.*

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Clay County dismissing plaintiffs' amended complaint for damages and injunctive relief.

The plaintiffs, who claim a royalty interest in a tract from which oil is being produced, commenced this action by filing a complaint which requested the cancellation of a unitization agreement entered into by parties defendant, a temporary injunction against Union Oil Company, money damages for oil and gas wrongfully appropriated by defendants Mayden *et al.*, royalty owners in the tract in which plaintiffs claim an interest, and their costs in this action. Parties defendant each filed a motion to dismiss said complaint. Defendant Union Oil Company alleged that plaintiffs failed to join all necessary parties and that plaintiffs failed to state a claim upon which relief could properly be granted. Defendant Union Oil Company attached to its motion to dismiss the names and addresses of all parties, not presently joined in the action by plaintiffs, who owned interests in the Bunnyville Consolidated Unit, created by a unitization agreement, which the plaintiffs requested the trial court to cancel. Defendants Mayden *et al.* alleged that plaintiffs failed to allege any interest in the oil, gas and minerals in and under the lands comprising the Bunnyville Unit.

The trial court allowed the motions to dismiss on the grounds that all parties in interest were not named party defendants and the com-

plaint did not state a cause of action. Plaintiffs filed a motion for leave to amend their complaint to which was attached their proposed amended complaint. Parties defendant each filed a motion entitled objections to the filing of plaintiffs' amended complaint, and, in the alternative, motion to dismiss. The trial court granted the defendants' motion to dismiss on the grounds that the plaintiffs' amended complaint failed to show a present interest in the oil and gas and failed to state a cause of action against the defendants. Plaintiffs, after refusing to further amend their complaint, perfected this appeal.

In May, 1957, Donald Hardy acquired from defendants Mayden *et al.* certain real estate in Clay County, subject to the following reservation,

"The Grantors herein expressly reserve from this conveyance and unto themselves, their heirs and assigns, all interest in and to all of the oil, gas and other minerals, lying in, on and under and that may be produced from said described real estate for the period which the present oil and gas lease to the Pure Oil Company, a corporation, remains in effect, and after the termination of the present oil and gas lease on the above described real estate, the Grantors herein expressly reserve from this conveyance and unto themselves, their heirs and assigns an undivided one half (½) interest in and to all of the gas, oil and other minerals lying in, on and under and that may be produced from said described real estate forever."

The oil and gas lease to Pure Oil Company was executed in April, 1936. It provided that the lease "shall remain in force for a term of ten (10) years from this date, and as long thereafter as oil or gas or either of them is produced from said land by lessee." Said lease "expressly allowed" the privilege of assignment in whole or in part by either party. Subsequently, Pure Oil Company assigned its interest to defendant Union Oil Company.

In August, 1959, the plaintiffs acquired, subject to this reservation, a fee simple title in joint tenancy to said real estate from Donald Hardy. Parties defendant entered into a Unitization Agreement on March 1, 1968. It is plaintiffs' contention that this unitization agreement so drastically altered the original oil and gas lease to Pure Oil Company that said lease terminated. Plaintiffs further contend that the termination of said lease resulted in their right to an undivided one-half interest in the oil, gas, and other minerals in, on or under their property, from March 1, 1968, the date of the unitization agreement.

The plaintiffs do not question the permissibility of secondary recovery methods under the original lease; nor do they allege that production of oil and gas has ceased to be "produced from said land." Instead, they

argue that the agreement of parties defendant to unitize was a new lease which terminated the original lease, thereby reducing the interest of the defendants Mayden *et al.* in the mineral estate to an undivided one half interest. Plaintiffs also allege that they have been damaged by virtue of the unitization agreement to the extent "[t]hat oil has been driven from beneath the surface of the premises of the plaintiffs to other property."

Parties defendant, on the other hand, argue that the unitization agreement, at most, modifies the original lease and that the original lease remains in full force and effect. Defendant Union Oil Company contends that, (1) the original lease remains in effect under its own terms by reason of production therefrom, (2) defendants Mayden *et al.* were authorized to join in the unitization agreement, (3) the plaintiffs do not state a cause of action for injunctive relief, and (4) that other unit royalty owners are necessary and indispensable parties. Defendants Mayden *et al.* contend that, (1) since the original lease is still producing oil from the premises covered herein it is by its own terms in full force and effect, (2) for a subsequent agreement to terminate the original lease such intent must be clearly expressed and no such intent is shown in the instant case, (3) the parties to the original lease contemplated that said lease be developed in a prudent manner, plaintiffs fail to allege that waterflooding or unitization was an imprudent method of development, therefore, the original lease was not terminated by the execution of the unitization agreement by parties defendant, and (4) if the unitization is invalid then it could not operate as a termination of the original lease, even if such had been intended.

The primary question before this court is whether the plaintiffs' interest in one half the mineral rights of the property has become possessory. The plaintiffs would have us conclude that their executory interest in one half the oil, gas, and other minerals beneath their property ripened into a present possessory interest by execution of the unitization agreement by defendants Mayden *et al.* We do not agree.

The plaintiffs' interest becomes possessory upon the termination of the oil and gas lease between defendants Mayden *et al.* and the Pure Oil Company. This lease, although amended and assigned, still remains operative. By the express terms contained in the lease it remains "in force" for "as long * * * as oil or gas or either of them is produced from said land by lessee." As observed by Professor Summers in his treatise on Oil and Gas law, "the term cannot be extended by a pooling or unitization in which the holder of the reversion upon the term interest is not joined *unless production is from the term acreage* * * *." (5 Summers, The Law of Oil and Gas 96 (1966).) (Emphasis supplied.)

342

Consequently, in view of the absence of any allegation that production has ceased from such land (the term acreage), the trial court was correct in dismissing plaintiffs' amended complaint.

Accordingly, we affirm the order entered by the circuit court of Clay County dismissing plaintiffs' amended complaint.

Affirmed.

KARNS, P. J., and JONES, J., concur.